UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KALANN JOHNSON,

            Plaintiff,

    v.

SAN FRANCISCO SHERIFF'S
DEPARTMENT, et al.,

            Defendants.

Case No.  25-cv-05558-VC

**ORDER OF SERVICE; DIRECTING
DEFENDANT TO RESPOND IN 21
DAYS**

This case was recently reassigned to the undersigned judge. Kalann Johnson, a detainee in the San Francisco County Jail, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the San Francisco Sheriff's Department and San Francisco Police Department. Johnson's motion for leave to proceed *in forma pauperis* is granted in a separate order. Service of the complaint is ordered, and, construing Johnson's complaint as requesting preliminary injunctive relief, the defendant Sheriff's Department is ordered to respond within 21 days.

**DISCUSSION**

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

**II.    Johnson's Allegations**

Johnson's complaint alleges the following:

1.      Johnson is in need of medical care from a surgical specialist to follow up on treatment for a staph infection in their finger and physical therapy to recover full mobility.

2.      Johnson was attacked by 12 deputies after an attempted rape and sexual assault in the transgender housing dormitory A-pod, causing finger lacerations to reopen and a loose tooth.

3.      Johnson is being housed in 24-hour lockdown with zero out of cell programming in male housing separate from the transgender community.

Johnson seeks access to recreation, a stay away-order against all assailants, medical care, and damages.

**III.    Analysis**

Liberally construed, Johnson has stated cognizable claims under the Fourteenth Amendment or Eighth Amendment, depending on whether Johnson is a pretrial or post-conviction jail detainee, for deliberate indifference to health and safety, use of excessive force, and inadequate out-of-cell time.

**CONCLUSION**

2

1.    The court construes the complaint as seeking preliminary injunctive relief and orders defendant San Francisco Sheriff's Office to respond to Johnson's requests for injunctive relief by September 16, 2025. The Clerk is requested to electronically serve this order on rani.singh@sfgov.org and jennifer.choi@sfcityatty.org.

2.    Johnson has made no allegations concerning the San Francisco Police Department, which is dismissed as a defendant.

3.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this Order to the San Francisco Sheriff's Office.

4.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

5.    In addition to responding to the plaintiff's request for injunctive relief, the defendant shall answer or otherwise respond to the complaint within 21 days. The following briefing schedule shall govern dispositive motions in this action:

a. If the defendant intends to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date of service. If the defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendant believes this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Johnson.

At the time the dispositive motion is served, the defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

b. Johnson's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendant no later than twenty-eight days after the date on which the defendant's motion is filed.

Before filing their opposition, Johnson is advised to read the notice that will be provided by the defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Johnson is cautioned that because Johnson bears the burden of proving their allegations in this case, they must be prepared to produce evidence in support of those allegations when they files their opposition to the defendant's summary judgment motion. Such evidence may include sworn declarations from Johnson and other witnesses, and copies of documents authenticated by sworn declaration. Johnson will not be able to avoid summary judgment simply by repeating the allegations of the complaint.

c. The defendant shall file a reply brief no later than fourteen days after the date

4

Johnson's opposition is filed.

        d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

      6.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

      7.     All communications by Johnson with the court must be served on the defendant, or the defendant's counsel once counsel has been designated, by mailing a true copy of the document to the defendant or counsel.

      8.     It is Johnson's responsibility to prosecute this case. Johnson must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      9.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

      **IT IS SO ORDERED.**

Dated:  August 27, 2025

                                      _____
                                        VINCE CHHABRIA
                                        United States District Judge